83,464-01

Date: June 4, 2015

Attn: Abel Acosta,
      Clerk of the Texas
      Court of Criminal Appeals
      P.OB. 12308, Capitol Station
      Austin, Tx. 78711

      RE: Relator's First Writ of Mandamus

          Cause No: 1278106
          Style: The State of Texas v. Willard K. Webb

Dear Clerk;

    Please find enclosed Relator's First Writ of Mandamus
to be filed with the proper Court for review and disposition.
Thank you for your time and assistance in this matter.

                              Cordially,
                              /s/ Willard K. Webb

                              Willard K. Webb #1713120
                              ALLRED UNIT
                              2101 FM 369 N.
                              Iowa Park, Tx. 76367

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUN 08 2015

Abel Acosta, Clerk

CC: file/WKW

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

EX PARTE,                          §
WILLARD K. WEBB                    §         CAUSE NO: 1278106
       V.                          §         APPEAL NO: 01-11-00403-CR
THE 179th JUDICIAL                 §
DISTRICT COURT OF                  §         PDR NO: Unknow / filed on
HARRIS COUNTY, TEXAS               §                 June 1, 2012
HON. JUDGE PRESIDING;              §
DISTRICT CLERK OF                  §
HARRIS COUNTY, CHRIS DANIEL$;      §
CHIEF DISTRICT ATTORNET, Michael§
Anderson,        FOR HARRIS COUNTY
TEXAS.


## RELATORS FRIST APPLICATION FOR WRIT OF MANDAMUS


## TO THE HONORABLE JUDGE OF SAID COURT:


Comes now, WILLARD K. WEBB, EX PARTE, in the above styled cause of action and proceeding files this first Application For Wirt MANDAMUS, pursuant to ARTICLE 1, § 9 of the TEXAS CONSTITUTIONAL and the TEXAS RULES of APPELATE PROCEDURE.


In support of this complint the relator will show that he has a legal right secured under, including, but not necessarily limited to, Article 1, § 12, to the texas constitution Article 1, § 9, the first, fifth, and fourteenth Amendments to the United States Contitution, as well as the mandatory provision set forth by the Texas Legislature under Article 10.07, section 1-7 and that the State has a legal duty to perform in this action.


Relator will also so that the state through its agents/officials doing business in the State of Texas, Southern District, under colot of State law and/or office, either acted in concert one with the other in order to advance or further a common scheme or goal to deprive Relator of his liberty interest, due process of law, equal protection right, and other, and other rights and/or priviledges secured under the United States Constitution and/or laws of the United State and the State of Texas.


## I.


Relator, WILLARD K. WEBB, TDCJ # 1713120, is illegaly restrained of his liberty by the Texas Department of Criminal Justice-correctional Institutioal Division at the : JAMES V. ALLRED Unit, located in IOWA PARK, TEXAS-WICHITA COUNTY, following conviction by Jiry trial

1.

on or about February 23, 2012, in the 179th Judicial District court of HARRIS County, HOUSTON TEXAS under cause no: 1278106 and; Subsequently sentenced to a term of (45) Years imprisonment for the felony offense of murder.

Relator has exhausted his remedies in an attempt to exercise his rights secured under both the Texas State Constitution and the United States Constitution pertaining to the Writ of Habeas Corpus and has no other adequate State remedy available to him in this action to compel the State and its AGENTS/OFFICIALS to fulfil thier ministerial duties specifically, but not limited to, provioing the Relator with the relevant information pertaining to cause No:1278106 in order for Relator to abtain the necessary Trial Transcript, CLERKS RECORD, and EXHIBITS but not limited to, filed in the HARRIS COUNTY DISTRICT CLERKS Office and in the Custody of the HARRIS COUNTY DISTRICT CLERK: CHRIS DANIELS,

The act sought to be completed is ministerial, not Discretionary in nature, as it is stated in the Texas code of Criminal Procedure Articla 2.21-duty of Clerks.

As of June 2, 2015 the District Clerk has failed to comply with Relators prior requests for an itemized inventory of the Records, Documents and EXHIBITS, but not limited to, filed and in custody of CHRIS DANIELS under cause NO: 1278106/STATE OF TEXAS V. WILLARD K. WEBB, also; failed to comply with Relators prior requests and inquiries as to the "total fees" ewquired bythe office of the Dictrict Clerk in order for Relator to purchase copies of the requested Records, Documents and EXHIBITS, but not ~~herexhasximpingedxonxRelatorsxrightxto~~ limited to. The District Clerks Deliberate delay here has inpinged on Relators right to prepare and file his state 11.07 Writ of Habeas Corpus, challenging the Validity of his Conviction.


II.


Relator here in cause NO: 1273106-first requested information and Records properly to the District Clerk of HARRIS COUNTY, in about September of 2013, (See; Relators EXHIBIT 1, uncertified copy). Relators Second inquiry and request for information and Records properly to the District Clerk of HARRIS COUNTY on February 25, 2014, specifically requesting an "Itemized Index of the statements of facts and Transcripts in Cause NO: 1278106 " (See, Relators EXHIBIT 2, request to CHRIS DANIEALS Dated 2-25-2014);
Relators Third inquiry and request for information and records, but not limited to properly to the Distrct Clerk office file Date stamped on April 24, 2015 (See, Relators EXHIBIT 3. letter addressed to CHRIS DANIELS District Clerk Date April17, 2015);

Relators Fourth inquiry and request for trial Transcripts andrecords by way of "motion" to the Honorable Judge Presiding in the 179th Judicial District Court on or about APRil 22, 2015. (Relator is unable to provide this Court with a copy of said Motion)./See; Relators EX. 4).

AS of June 4, 2015, the State and its Agents/Officials have failed to reply to and take action in fulfilling RElators requests,

therefore, violating his constitutional and statutory rights to seek Habeas relief by way of the District Clerks office of Harris County. The District Clerks unecessary and deliberte delay and noncompliance of its ministerial duties deprive Relator of liberty interests, Due process of law, equal protection right and other priviledges acc-corded under Article 1,§ 9 to the U.S. constitution and Article 1, § 12 of the Texas Constitution, through and by knowingly and intentionally Falling to abide bu, and to thereby violate by acts of ommission, statutes and/or codes of the State of Texas goverin said rigfts and/or priviledges, aS well as laws of the United States. The State thBough its agents/officials willful and intentional failure to aide abide by the statutory procedures authorized by the Texas legis-lature injures Relator right to the Writ Habeas Corpus as guaranteed by the United States Constitution and only benefits the State and pre-judices the Relator.

Said same named agents/officials below for this purposes of this complaint are State actors doing business in the State of Texas, sou-thern District, Harris County under color of State law and/or office either acting in concort one with the other in order to advance or further a common scheme or goal to deprive Relator of his Constitu-tional rights to the Writ of Habeas COrpus and have failed to take preventative or corrective measures while having the opportunity to do so.


III.
PARTIES


1. State agents/officials-Chris Daniel is the District Clerk of Harris County, Texas acting in his official capacity M.r Daniel has authority to promulgate policies, rules, regulations, procedures, and practices governing the operation and daily operation of the office of the Harris County District Clerks office. Through his duties, Mr. Daniel conducts business throughout the State. in-cluding the southern District.

2. State agentsx/official-Hon KRISTIN M. GUINEY is a Judge of the 179th Judicial District Court of Harris County, Texas, acting in her official capacity, the Honorable Kristin M. Guiney has the authority to promulgate policies, rules, regulations, procedures, and prctices for the operation and daily operation of the 179th Judicial District Court of Harris County, Texas. Through her duties the Honorable Kristin M. Guiney is conducting business throughout the State-including the Southern-Federal District of Texas.

The above mentioned officials/agents of the State have failed to abide by the mandatory language of Texas Code of Criminal Procedure Articles 11.07 et seq., and Article 2.21-Duty of Clerk.

Relator alleges the States officials/agents jointly and severally, each have a high degree of education along with a duty and of obligation to know the law, thereby establishing the States officials/ agents acted knowingly. Relator further alleges the States agents/

.3

officials acted knowingly and failed to take preventive measures to correct wrongful acts when having the opportunity to do so, this also establishes by silence and ommissions they acted in concert one with the other with the intent to cause the damage and injury of impediment to Relator and Relator's rights, priviledges, and immunities secured under, including, but not necessarily limited to, Article I, § 12, to the Texas Constitution, Article I, § 9, the First, Fifth, and Fourteenth Amendments to the United States Constitution, by violating the mandatory provisions set forth by the Texas Legislature under Article 11.07, et seq., and Article 2.21 of the Texas Code of Criminal Procedure, in failing to perform their duties and obligations in following the mandatory language of Article 11.07, et seq., and Article 2.21 of the Texas Code of Criminal Procedure, causing irreparable damage, harm and injury to Relator and his right to a writ of habeas corpus under both the Texas Constitution and the United States Constitution.

The Texas Constitution at Article I, § 12 provides: "The Writ of Habeas Corpus is a writ of right, and shall never be suspended. The Legislature shall enact laws to render the remedy speedy and effectual."

The United States Constitution, Article I, § 9, also holds: "The privilede of the writ of habeas corpus shall not be suspended unless in cases of rebellion the public safety may require it."

The State through its agents/officials herein are State actors doing business under color of law and/or office, acted with the intent to deprive Relator by practice and/or custom, of rights and privildges protected by the Constitution and laws of the United States by failing to abide by, and thereby provide Relator Due Process of law and the Equal Protection of law, by circumventing the Texas Code of Criminal Procedure, Article 11.07 et seq., and Article 2.21-Duties of Clerk.

.IV

Article 11.07 Sections 3 (b)(c)(d), and Sections 6 and 7, and Article 2.21-Duties of Clerk of the Texas Code of Criminal Procedure were emasculated by the State's agents/officials when the mandatory language contained therein, time frames, and procedures were ignored and/or neglected when the Harris Counties' District Clerks Office and the States agent/official namely: Chris Daniel, but not limited to, has knowingly and intentionally refused to provide Relator here with the necessary information as requested (See; Relator's Exhibits 1-4), in order and for the purpose of Relator seeking his Post Conviction Remedies via an Article 11.07 State writ of Habeas Corpus upon final conviction of his State Conviction and Sentence. The States agents/officials knowing and intentional acts to circumvent time frames and procedures were designed and purposed to cause Relator damage and injury.

.4

In this cause the States agents/officials have substituted time frames and procedures of their own creation which had not been approved nor authorized by the Texas Legislature.

Through prejudicial overt acts, material omissions, material misrepresentations, and acts of deceit and moral turpitude, compounded by guilty knowledge, the State agents/officials have promulgated and substituted alternative procedures to those authorized and enacted into law by the Texas Legislature. Article 11.07 et seq., was circumvented by the States agents/officials when implementation was frustrated by the adoption of an alternative set of procedures.

Evidence of moral turpitude can be drawn from these unauthorized time frames and procedures. Moral turpitude contemplates acts which tend to betray in an evil and dishonorable manner. The Legislature as well as Federal courts have been mislead to believe the time frames and provisions implemented by the State are those authorized by Article 11.07 et seq., and Article 2.21, when such is not the case. The State through its agents/officials enjoy a license to exercise unfettered and unchecked discretion.

Outwardly, these time frames and procedures appear to be legitimate. Only a person thoroughly acquainted with law and procedure would pick up the fatal flaw they incorporate. The State created the appearnce of extending Relator's rights to a writ of habeas corpus, to camouflage the fact that there were no actual provisions or time frames as set forth by the actual Article 2.21-Duties of Clerk being followed. It is dishonest to provide the outward appearnace that an actual right to a writ of habeas corpus was being extended and granted, when you know the provisions and time frames are unauthorized and therefore, counterfeit.

.V

The Texas Legislature in order to carry out the mandate of the Texas Constitution Article I, § 12 andArticle I, § 9 of the United States Constitution, has decreed, via V.T.A.C.C.P., Article 11.07, every person whose liberty is under restraint by way of a final conviction has the right/priviledge to the writ of habeas corpus in order to determine the nature and cause for the restraint thereof, and to be discharged from such said restraint if determined illegal.

Through prejudicial overt acts, material omissions, material misrepresentations and acts of deceit and moral turpitude, compounded by guilty knowledge, the State through its agents/officials acting in their official capacities have a practice of holding star chamber like proceedings rather han the proceedings authorized under V.T.A.C.C.P., Articles 11.07 et seq., and Article 2.21-Duties of Clerk and Article I, § 12 of the Texas Constitution and Article I, § 9 to the United States Constitution.

As a result of practices by the State actor(s), relator has been denied his right/priviledge to access to the necessary and fundamental trial transcripts, records and exhibits that

.5

are crucial to the preparing and filing of Relator's Post Conviction State 11.07 et seq., Writ of Habeas Corpus in a timely manner. The aforementioned documents and information are controlled by and in the custody of the District Clerk's Office of <u>Harris County</u>-Houston, Texas namely: <u>Chris Daniel</u>. The District Clerk's misconduct have also denied Relator's rights to the writ of habeas corpus, access to the courts, due process of law, due course of law, and equal protections guaranteed by both the Constitutions of the State of Texas and the United States Constitution.

### PRAYER FOR RELIEF

Wherefore, Relator comes before this Honorable Court of Criminal Appeals of Texas and prays that this court will take actionwithin its jurisdiction to insure that Relator's constitutional and Statutory rights are not being neglected and violated in his pursuing his Post Conviction 11.07 remedies by way of a Writ of Habeas Corpus. This Honorable court has the judicial power and the jurisdiction over the matter to compel the State and its agents/officials of <u>Harris County</u> District Clerks Office, District Attorney's office and the Hon. Judge of the <u>179th Judicial</u> District Court , to fulfill its legal ministerial duties under the provisions set forth in the V.T.A.C.C.P. 11.07 et seq. and Article 2.21-Duties of Clerk.


SIGNED AND EXECUTED ON THIS DATE: <u>June 4th of 2015</u>.


Respectfully Submitted;

/s/ *Willard K. Webb*

(Relator-Ex Parte, Willard K. Webb)

Willard K. Webb #<u>1713120</u>

ALLRED UNIT

2101 FM 369 N.

IOWA PARK, TX. 76367

APPENDIX OF EXHIBITS
IN SUPPORT OF
RELATOR'S APPLICATION FOR
WRIT OF MANDAMUS
(EXHIBITS 1-4)

RELATOR'S EXHIBIT <u>1</u>

CAUSE NO: 1278106

WILLARD WEBB     X     IN THE 179th District
VS     X     COURt FOR
THE STATE OF TEXAS     X     HARRiS County TEXAS

## MoTioN to obtain DoCument And/or TRAiL Records IN Form PAUPUS

To the HoNoRABLE Judge of SAid Court:

Comes Now, WILLARD WEBB, Petition PRO'SE IN this Ahove And Foreging Case And/oR CAUSE oF Action, ReSPectFully Requesting this HonoRAhle CouRt to ALLow him to Proceed in Forma PaPUS in his Request to ohtain TRial Records, and other documents.

### I.

Petioner is invoKing ARt. 2050 And 2066 oF veR-NoNS TEXAS statutes RULE 127 OF the TEXAS Rule OF PRActice in the Distrct And County Courts, ARt. 40.09 et. SeG. OF the TEXAS Code oF CRim. PROC. TEX. OPen Records Act. 6252-17 (A) V.T.C ALL which shoUld SuPPort this HonoRable CouRts PRoPeR And LAwFull JuRisdiction.

### II.

This motion is being Presented in Good-FAith, So that the Petitioner Can obtain Records And/or trial Court's Files, to Aid And assist him in the PreParation oF his aPPLication For writ oF HAheAS CoRPUS ReLieF For WRit oF Habeas CoRPUS. The RequeSted document

-1-

is essential for him to research the Grounds of errors that he is intending to Raise.

## III

Petitioner asserts under Penalty of Perjury that he is without the funds. Properties, Realities and or other securities in which to pay for the requested documents and or records.

The Documents and Records should be affordable at No cost to the Petitioner this being the case in this herein case At bar, in the best interest of Justice and for a want of fairness, the Petitioner should be afforded with everything that he will need to construct proper Petition, Motions and Briefs, And In support of such contentions, See: Smith vs. Bennett, 365 U.S. 708, Lane vs. Brown, 372 U.S. 477, 83 S.Ct 768, 96 L.Ed 891 (1956). Established Avenues, held by the Supreme Court, that the State is Required to establish avenues of Appellate review, making it Now Fundamental that the Courts establish these avenues which gives equal access to the Petitioner.

Petitioner asserts that if this court denies this Request for the herien records and or Documents such denial whould be in derect Violation of (14th) Amendment to the U.S Consfition.

To impose any Fincial conditions upon any indigent Prisoner of this State gives ~~the Person~~ a right to ~~equal Protection on the~~ sue for his Liberty Furthermore the Patitioner has a right to equal Protection of the law, See: Lane vs. Brown, Supra. Wherein, the court reaffirmed the Fundamental Princ-

-2-

iples of GRiFFin VS. ILLiNois. SUPra, ALSO See: Fellan VS. Commissioner of Corr. 891 F-2d 1007 2Nd CiR.(1987), the Patitioner being that he is a convicted Person who has no control over the necessary Fund, or being that he is indigent the Stte is obligated to to Provide him with a Free COPY OF the complete trial Records.

## IV

Petitioner asserts that the ~~records~~ Requested records. and. or Documents are essential and his need For the records is to assist him in the Futher litigation of his criminal Conviction.

The Petitioner is entitled to the Requested records And or Documents, in order to Prove his ALlegation, and to be able to Present his Grounds oF ERRORS in a Favorable Light.

Petitioners Constitutional right will be violated beyond Re Pair if he Prevented From PerSuing his Right to File a writ oF HabeaS CORPUS, due to the Lack and absence oF TRial Court records.

## V

Petitioner is entitled to the Sougt after records and will Present this Honorable Court with a Partial List oF the items Sought:

(1) AFFidAvit Sworn to beFore the Justice oF Peace And which was used to obtain and a ARRest warra

(2) NAMe oF Person and or oFFicial who FiLlIED th ChaRG against the DeFendant in this Case.

-3-

(3) The Full arrest rePort, Booking rePort, and Bond. Setting.

(4) The Admonishment JudGement And Sentencing Sheet. Court's Orders And FindinGs.

(5) ENtire RePorter's Record / clerk Record.

## VI

Wherefore Premises considered, Offender respectfully Prays that this Honorable court issue the necessary orders to have the requested Records and hearinG TranScribed and the Petitioner be Granted a Free coPY, with all Coast Assumed by the state.

Grant Such Other and FuRther ReLieF that this Honorable Court maY seem Just and Pro Par.

ResPectFullY Submitted:
_____

## DeclARation

I <u>WiLLARd WEBB</u>, Petitioner, Pro'se being inCarCeRated at the PoLonskY unit, TEXAS DePartment oF Criminal Justic, Institutional DiVision Located At 3872 F.m. 350. So LIVingston TExas 77351 Polk CountY. Do hearby Declare and DaYs Under the Penalty oF PerJorY that the Above and below ForeGoinG is true and correct PursAnt to the state Law.

EXecuted on this _____th daY oF _____ 2013

-4-

Petitioner Pro'se

*Willard Webb*

PoLonSKY unit

3872 F.m. 350 So.
LivinGston , TEXAS
77351

Willard webb # 1713120
ALLAn B PoLvnSKY unit
3872 F.m. 350 South
LivinGston TEXaS 77351

RELATOR'S EXHIBIT <u>2</u>

To: Harris County Dist. Clerk
    Cris Daniels /

Date: 2 / 25 / 2014


        mr. Daniels

            I am requesting a Idimised index. In cause # 1278106
    1) Statement of Facts.                    State of Texas
    2) Transcript.                                 V.
                                              Willard Webb

                        Thank You For Your time in this matter

                            Respectfully Submitted /

                        Name: Willard Webb
                        T.DcJ#: 1713120
                        Unit : Polunsky

RELATOR'S EXHIBIT <u>3</u>

William Webb #1713120
All Red Unit
2101 Fm 369 North
owA Park, Tx 76367

Legal Mail

NORTH TEXAS TX PROC
DALLAS TX 750
21 APR 2015 PM 1 1
PURPLE HEART

77210465151

Harris County Dist. Clerk
Chris Daniels
201 Caroline Po Box 4651
Houston Tx 77210-4651

April 17, 2015

FILED
CHRIS DANIEL
DISTRICT CLERK
HARRIS COUNTY, TEXAS
2015 APR 24 AM 9: 28

Chris Daniels
District Clerk

Houston, Tx.

RE: Cause No: 1278106
From the 179th Judicial District Court
Style: Willard K. Webb v. State of Texas

Dear Clerk;

This is my "third" inquiry into obtaining my trial and clerk's record and as of yet have recieved no reply from this office. It is my understanding that the total amount of pages included within my trial and clerk's record is in the total amount of: 3,082 pages.

I'm interested in purchasing these records in the above cause no. and would like an "Itemized" list of the record for this purpose.

I understand that in order to purchase these documents from this office I would need to forward a cashier's check or money order payable to the District Clerk's Office.

/s/ Willard K. Webb

cc: File/WW

Willard K. Webb #1713120
Allred Unit, 2101 FM 369 N.
Talla Park Tx. 76367

RELATOR'S EXHIBIT 4

(Note: Relator here is unable to provide this
Court with a copy of the "Motion for
Transcripts" filed with the 179th Judicial
District Court on or about the 22nd day
of April, 2015 and requests that this Court
obtain a copy if necessary from the District
Clerk of said Court namely: Chris Daniel).

WILLARD
ALLRED
2101 FM 369 N.
Iowa Park, Tx. 76367





CLERK,
COURT OF CRIMINAL APPEALS
of TEXAS, ABEL ACOSTA
P.O. Box 12308, CAPITOL STATIC
AUSTIN, TX. 78711